The People ex rel. The Rome, Watertown and Ogdensburgh Railroad Company, Appellant and Respondent, *v.* Warren Hicks et al., Assessors, etc., Appellants and Respondents.

The Same Relator, Appellant and Respondent, *v.* Melville M. Eddy et al., Assessors, etc., Appellants and Respondents.

The Same Relator, Appellant and Respondent *v.* William Bancroft, Appellant and Respondent.

On appeal to this court in proceedings under the act of 1880 (chap. 269, Laws of 1880), to review an assessment, only questions of law may be reviewed; the determination of the court below upon the question of value is final and conclusive where that question was fairly in dispute, unless it appears that elements, proper to be considered, were excluded or improper ones considered, or that some legal errors vitiated the conclusion.

Where the orders of the court below show only a valuation fixed and determined, the opinions may not be resorted to for the purpose of showing that an erroneous basis was adopted, upon which the valuation was founded.

It is proper for assessors in valuing the property of a railroad corporation in their town liable to assessment, to take into consideration the verified reports of the company as to earnings, made as required by law.

*It seems* that assessors are not required to apply the rigid rules of evidence in investigations before them where assessments are contested.

The omission of the assessors to give notice, as required by the statute (§ 9, chap 269, Laws of 1880), of the completion of their roll and its delivery to the proper officer, prevents the running of the fifteen days, during which application may be made for a writ of *certiorari* to review an assessment, and leaves the writ to be sued out at any time.

(Argued March 1, 1887; decided April 19, 1887.)

These were cross appeals from orders of the General Term of the Supreme Court in the fifth judicial department, made the first Tuesday of June, 1886, which affirmed orders of Special Term in proceedings by *certiorari* under the act (Chap. 269, Laws of 1880), to review the assessments and valuations of relator's property in certain towns of Monroe county. The Special Term referred the matters, and on the coming in of the referee's report reduced the assessments. (Reported below, 40 Hun, 598.)

The facts, so far as material, are stated in the opinion.

*Edmund B. Wynn* for relator. The taxable value of the portion of a railroad situated in a particular town should be estimated as a part of a whole, a continuous way to carry passengers and freight from one commercial business point to another, and the profits of its use for that purpose. (*People ex rel. O. & L. C. R. R. Co.* v. *Assessors,* 13 Abb. [N. C.] 1; 92 N. Y. 643; *People ex rel. W. V. R. R. Co.* v. *Keator,* 67 How. 237; 36 Hun, 592; *People ex rel. A. & G. B. Co.* v. *Weaver,* 67 How. 477; *People ex rel. D. & H. C. Co.* v. *Assessors, etc.,* 2 How. Pr. [N. S.] 454.) The relator was entitled to a writ of *certiorari* in these cases, under chapter 269, Laws of 1880. (*People ex rel. U. & B. R. R. R. Co.* v. *Smith,* 24 Hun, 66.) It was not necessary for the relator to appear before the assessors on "grievance day" in order to be entitled to have the writ of *certiorari* granted. (*People ex rel.* v. *Smith,* 24 Hun, 66.)

*William B. Hornblower* for relator. The method adopted by the relator, in making up its statements of deductions for interest to be made on the value of various pieces of property other than the road-bed, was correct. (*People ex rel. O. & L. C. R. R. Co.* v. *Pond,* 13 Abb. [N. C.] 1; *People* v. *Keator,* 67 How. Pr. 277.)

*Sardius D. Bentley* for defendants. The real estate of railroad corporations is subject to the same rule of valuation for purposes of assessment as other real estate. That rule as laid down in the statute is its full and true value. (R. S., part 1, chap. 13, tit. 2, art. 2, § 7; 1 R. S. [Edm. ed.] 393, marg.; *People ex rel., etc.* v. *Barker,* 48 N. Y. 70; *El. R. R. Co.* v. *Com'rs,* 82 id. 459.) The Revised Statutes require that the completed roll be delivered in towns to the supervisor "on or before September first." (1 R. S. 366 [marg. 394]; 2 R. S. part 1, chap. 13, tit. 2, § 27 [Banks 7th ed.]; 49 N. Y. 354; 63 id. 402.) After that fifteen days for examination had elapsed there was no jurisdiction in the Supreme Court to grant the writ under the statute. (*Hyer* v. *Burger,* 1 Hoff. Ch. 1; *Coffin* v. *Tracy,* 3 Caines, 129; *Cancemi* v. *People,* 18 N. Y. 128.) It was not error for the judge at Special Term to adopt arbitrarily and without evidence, five per cent as the rate of capitalization. There is no rule of law governing the matter. (13 Abb. [N. C.] 1; 67 How. Pr. 277.)

Finch, J. These are cross appeals. In the case of the same relators against the assessors of the towns of Somerset and Wilson, recently decided, we declined to review the conclusion of fact upon the question of value. It is usual for us, on a motion, to follow the determination of the courts below upon the facts, and unless this court is to become a board of assessors to settle finally disputed valuations all over the State, we must confine our review of proceedings instituted under the act of 1880, to questions of law, and to the inquiry, whether legal rules or correct principles have been violated. We have

1887.] People ex rel. R.,W. & O. R. R. Co. *v.* Hicks et al. **201**

Opinion of the Court, per Finch, J.

several times dismissed similar appeals as involving only the discretion of the Supreme Court in dealing with the valuations of assessors. (*People ex rel. O. & L. C. R. Co.* v. *Pond*, 92 N. Y. 643; *People ex rel. A. & G. Bridge Co.* v. *Weaver*, 99 id. 659.) It is sought to bring to our notice errors of law by treating the reasoning and computations of the opinions as before us and insisting that no other considerations affected the conclusion reached. The orders entered show only a valuation fixed and determined. Nothing in them or in the record discloses any violation of the correct principles upon which the valuation should be ascertained, or shows that the conclusion of the court was founded solely and alone upon earning capacity. On one side a capitalization upon the basis of five per cent is criticised. But the whole process was tentative and for consideration in its bearing on the ultimate result, and not conclusive. It was an aid in determining value, and a very important one, but simply an assistance to the judgment, in connection with cost, location, feeders, and probable increase of business and the like, and no law dictates what calculations the court shall make to enlighten its own ultimate judgment. On the other hand, the opinions are searched to detect errors in arriving at net profits. But they are inquired into only as means to an end, and possibly no two minds would agree precisely as to what they were. We observe that the learned referee made up fourteen different tables of valuation showing the variation in possible methods of computation. All these were before the Special and General Terms and were doubtless considered in reaching the result. What may have induced a preference of one over another we cannot accurately know. So far as it is said that the reports of the company made under oath and as required by law should not have been considered, the answer is that they furnish almost the only available means of testing earning capacity. The assessors had a right to refer to them, and probably did, and the peculiar character of the proceeding seems to make them *ex necessitate* a source and means of information. To apply rigidly all the rules of evidence to such an investigation might make it fruitless.

Of course, the view we take of our duty may lead to the result that the same line of road will be differently valued in different towns. That is inevitable so far as assessors are concerned, and it can excite no surprise that General Terms should also differ in their valuations. Nevertheless, we shall continue to rest upon the judgment of the courts below where the value is fairly in dispute, unless we can see that elements proper to be considered have been excluded, or those not proper to be considered have been given force, or that some legal error has vitiated the conclusion. We are better satisfied with the reduced valuations now before us than with those previously affirmed, but so long as the differences are upon judgments of value merely, and where there is room for disagreement, we shall decline to interfere.

There is nothing in the objection that the writ issued to the assessors of the town of Webster came too late. No notice of the completion of the roll and its delivery to the proper officer, and stating where it could be inspected, was ever given. (Laws 1880. chap. 269, § 9.) We have recently held that the omission does not set running the fifteen days during which application may be made for the writ, and leaves it to be sued out at any time.

The orders should be affirmed without costs to either party against the other.

All concur.

Orders affirmed.